UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| *In re*: David Lee Phillips<br>Attorney at Law, Bar No. 538 | Case No. 2:20-cv-02213-MMD<br><br>ORDER OF SUSPENSION |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is David Lee Phillips' response to the Court's Order to Show Cause ("OSC") why he should not be reciprocally suspended from practice before this Court following the Nevada Supreme Court's ("NSC") Order of Suspension issued on May 8, 2020. (ECF Nos. 1 (OSC), 7[1] (the "Response").) As further explained below, the Court will suspend Phillips from practice before this Court because Phillips has not presented clear and convincing evidence that substantial reasons justify rejecting the NSC's conclusion he should be suspended.

**II.   BACKGROUND**

Phillips' response to the OSC addresses two disciplinary proceedings that grew out of a third disciplinary proceeding. The Court begins with the third for context. On February 23, 2018, the NSC approved a conditional guilty plea agreement with a stayed one-year suspension that Phillips entered into concerning "conduct addressed in two formal disciplinary complaints and five pending grievances or investigations." (ECF No. 7-2 at 6.) The one-year suspension imposed in that order would remain stayed if Mr. Phillips paid certain costs and complied with four other probationary conditions including, as pertinent here, "that between May 17, 2017 (the date of the formal plea hearing) and

---

[1]The Court granted Phillips two extensions of time to respond to the OSC. (ECF Nos, 3, 4, 5, 6.) His Response is therefore timely.

the end of the one-year stay period, there be no grievances submitted to the State Bar challenging Phillips' compliance with the Rules of Professional Conduct concerning events that occurred after May 17, 2017, in which a disciplinary screening panel recommends a formal hearing[.]" (*Id.* at 9.)

But "[a] screening panel convened on January 22, 2019 to consider four grievances filed against Phillips [within the probationary period] and recommended the grievances proceed to a formal hearing. Thus, Philips breached the conditions of his probation[,]" and the NSC imposed the one year suspension it had previously stayed. (ECF No. 7-28 at 6 (footnote omitted).) The NSC referred to this matter by its docket number 79057 (*see id.*)—the Court will refer to it herein as the 57 Matter.

However, the NSC addressed another matter in the same order, which it referred to by its docket number 79385—the Court will refer to it herein as the 85 Matter. (*Id.* at 6-9.) The 85 Matter overlaps with the 57 Matter to some degree because the grievances the screening panel recommended proceed to a hearing in the 57 Matter, triggering the probation condition described above, also form part of the conduct for which the NSC imposed a concurrent three-year suspension in the 85 Matter. (*Id.* at 5-9.) In the 85 Matter, the NSC found substantial evidence supported the disciplinary panel's findings that Phillips failed to pay a client's litigation lender, and told the lender a matter remained pending even though it had been settled; he withdrew from representing two clients in an inappropriate manner without taking steps to protect their interests; and charged another client an unreasonable fee to obtain a loan that he then improperly distributed. (*Id.* at 7.) The NSC therefore imposed a four-year suspension on Phillips—one year in the 57 Matter, and three years in the 85 Matter—in the same order. (*Id.* at 9.)

**III.   DISCUSSION**

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir.

2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

Phillips has not presented clear and convincing evidence in his Response that a lack of due process, infirmity of proof, or some other substantial reason exists such that the Court should not follow the NSC's lead here. (ECF No. 7.) Indeed, the Court's review of the record reveals that Mr. Phillips made the precise arguments he makes in his Response to both the Southern Nevada Disciplinary Board and the NSC, and both rejected these arguments. The Court declines to effectively engage in de novo review of the NSC's decision by weighing in on each of Mr. Phillips' arguments in too granular a fashion, as doing so would be inappropriate. *See Foster v. Cantil-Sakauye*, 744 F. App'x 469, 470 (9th Cir. 2018) (noting that the "function of a court seeking to impose reciprocal discipline is 'far different' from that of a court seeking to impose discipline in the first instance") (citing *In re Kramer*, 282 F.3d at 725).

That said, Mr. Phillips is of course "entitled to procedural due process, including notice and an opportunity to be heard." *Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561, 564 (9th Cir. 1990). But he received notice and an opportunity to be heard in the Nevada state proceedings. Specifically, the record reflects Mr. Phillips appeared before the Southern Nevada Disciplinary Board, where he was able to present arguments and witnesses, and was then able to brief the same arguments he raises in his Response to the NSC. The Court therefore finds he received the process he was due. *See In re Kirk-Hughes*, Case No. 2:18-cv-00323-MMD, 2019 WL 4576261, at *2 (D. Nev. Sept. 20, 2019) (rejecting procedural due process challenge to suspension imposed by

the NSC where the attorney had presented the same arguments to the Southern Nevada Disciplinary Board, and the NSC, and both had rejected them); *see also Rosenthal*, 910 F.2d at 564 (finding California's attorney discipline scheme provided sufficient due process in part because it allowed the lawyer facing discipline to call and cross-examine witnesses). The Court also rejects Phillips' attempt to analogize to the process due a criminal defendant in the revocation context (ECF No. 7 at 6-7), because a "lawyer disciplinary proceeding is not a criminal proceeding." *Rosenthal,* 910 F.2d at 564.

In sum, nothing in Phillips' Response convinces the Court it should deviate from reciprocally suspending him in line with the NSC's suspension. The Court advises Phillips he may petition the Court for reinstatement under LR IA 11-7(i) once his suspension by the NSC has expired. Any petition for reinstatement should not be filed until Phillips is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his suspension or any other discipline imposed on him.

**IV.   CONCLUSION**

It is therefore ordered that David Lee Phillips, Bar No. 538, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 10th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE